UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-32-F

| | |
|---|---|
| PAULINE WHITAKER ALEXANDER,  )<br>         Plaintiff,                                )<br>                                                       )<br>v.                                                    )<br>                                                       )<br>Q.V.C. DISTRIBUTION CENTER, BILL  )<br>STANULIS,                                     )<br>         Defendants.                         ) | O R D E R |

This matter is before the court upon the motion to dismiss by Defendant Bill Stanulis. The *pro se* Plaintiff has responded, and this motion is now ripe for ruling.

## I. STATEMENT OF THE CASE

Plaintiff initiated this action by filing an Application to Proceed Without Prepayment of Fees and Affidavit [DE-1] on February 25, 2008. In an Order [DE-4] filed on February 28, 2008, United States Magistrate Judge James E. Gates found that Plaintiff met the requirements of 28 U.S.C. § 1915, and directed the Clerk of Court to file Plaintiff's Complaint. In the Complaint [DE-5], Plaintiff alleges that her employment was terminated because of her illness, and appears to name both Q.V.C. Distribution Center and Bill Stanulis as Defendants. Thus, Plaintiff appears to be asserting a claim under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101. *See* Complaint [DE-5], Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("I believe that I have been discriminated against because of my disability in violation of Title I of the Americans with Disabilities Act of 1990."). Defendant Bill Stanulis now moves for dismissal of this action against him on the grounds that (1) the ADA does not provide a remedy against an individual, and (2) he was not named as a respondent in the Charge of Discrimination filed with the EEOC.

## II. STANDARD OF REVIEW

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in a complaint will be construed in the nonmoving party's favor and treated as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The court is " 'not so bound with respect to [the complaint's] legal conclusions.' " *Self v. Norfolk Southern* Corp., No. 07-1242, 2008 WL 410284, slip. op. at 1 (4th Cir. Feb. 13, 2008) (per curiam)(quoting *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)). The complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). If a claim has been adequately stated in the complaint, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S.Ct. 1955, 1969 (2007).

## III. ANALYSIS

The anti-discrimination provisions of the ADA state that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the ADA, "covered entity" is defined to mean "an employer, employment agency, labor organization, or joint-labor management committee." 42 U.S.C. § 12111. An "employer" under the ADA is "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 US.C. § 12111(5)(A). The majority of courts that have examined the issue of whether individuals are liable under the ADA have observed that the ADA's definition of "employer" mirrors the definitions of

2

"employers" in both Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b) and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b). Employing the same reasoning used to analyze the meaning of "employer" under Title VII and the ADEA, courts have concluded that individuals may not be held liable under the anti-discrimination provisions of the ADA. *See, e.g., EEOC v. AIS Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Circ. 1995)("We hold that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA."). *Cf. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999)(holding that there is no individual liability in the context of the public accommodation provisions of the ADA).

Here, Stanulis is named in the Complaint only as "plant manager." It is clear from the face of the Complaint that Stanulis is not an "employer" within the meaning of the anti-discrimination provisions of the ADA, and therefore cannot be held liable under the Act. Consequently, his Motion to Dismiss [DE-11] is ALLOWED.

## IV. CONCLUSION

For the foregoing reasons, Defendant Bill Stanulis's Motion to Dismiss [DE-11] is ALLOWED, and Plaintiff's claims against him are DISMISSED. The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED.

This the _1_ day of July, 2008.

James C. Fox
Senior United States District Judge